## Case No. 15,153.

UNITED STATES v. FORTY-EIGHT HUNDRED GALLONS OF SPIRITS.

[4 Ben. 471; [1] 3 Chi. Leg. News, 130; 13 Int. Rev. Rec. 52.]

District Court, E. D. New York. Jan. 10, 1871.

INTERNAL REVENUE — FORFEITURE — PLEADING— CONSTRUCTION OF STATUTE—EVIDENCE— PERSONAL PROPERTY.

1. The 96th section of the internal revenue act of July 20, 1868 (15 Stat. 164), is to be construed to mean. that where the statute has attached no punishment to the doing or omitting of acts required or forbidden. such act or omission, when knowingly or wilfully committed, shall be punished by the infliction of the penalty and forfeiture provided by that section.

[Cited in U. S. v. One Thousand Four Hundred and Twelve Gallons Distilled Spirits, Case No. 15,960.]

2. Proof that tubs were so placed in a distillery that they could be used contrary to the internal revenue acts, is not sufficient to warrant the court in finding that they have been so used.

3. Where. in accordance with the practice in this district. in forfeiture cases. an information had been filed containing numerous counts, and the district attorney had before the trial filed a specification of the counts on which he intended to rely, but on the trial evidence was offered which it was claimed established an offence not embraced in the specification: *Held*, that the omission to include it in the specification was fatal.

4. Distilled spirits found on the premises on which the business of distilling is carried on. being the product of such business, are not "personal property used in the business" within the meaning of the 19th section of the act of July 20, 1868 (15 Stat. 133).

At law.

B. F. Tracy, U. S. Dist. Atty.

Veeder & Wood, for claimant.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 13 Int. Rev. Rec. 52, contains only a partial report.]

BENEDICT. District Judge. This is a proceeding in rem, to forfeit certain distilled spirits belonging to Mathew Brady, and seized at his distillery. The cause has been tried before the court without a jury, by consent.

The distillery used by the claimant,. it appears, was formerly a grain distillery. but was surveyed and accepted, to be used by Brady as a molasses distillery. When used as a grain distillery, it had a mixing tub, placed above the mash tub, known as "tub M" in these proceedings, which was connected with the mash tubs by pipes. When the place was surveyed and accepted as a molasses distillery, this tub M, which, from its character, and location, could be used as a fermenting tub, was permitted to remain as it was, but was not described as a fermenting tub in any plan or description. There was also in the yard a cistern or receptacle, which could be used as a mixing tub for molasses, and which was connected by hose with tub M.

There was also in the cistern room a hole in the wall, through which hose could pass out of the spirit cistern, and also a sort of man hole in the roof, through which ingress could be had to attach the hose. The distillery was, therefore, so arranged, that. by using the cistern in the yard as a mixing tub, and the tub M as a fermenting tub, the capacity of the distillery would be increased beyond the capacity shown on the plan; while any increased production could be removed from the cistern by the hose. Moreover, the distillery was permitted to run for some time without any night watchman, and the day watchman never informed himself of the condition of the cistern room. These facts have been proved, as tending to show that the specific acts and omissions charged against the distiller were accompanied with the intent to defraud, and to conceal from the revenue officers facts required to be stated in his books. They are material only for that purpose, and do not of themselves work a forfeiture of the property in question, under any of the counts in this information. But there are other facts shown, and others offered to be shown, which, it is claimed, do work the forfeiture of the spirits proceeded against. In considering these proofs, it will be convenient first to determine the construction to be put, by this court, upon section 96 of the act of 1868, upon which section many of the present charges depend.

The ground taken on the part of the government is, that section 96 is to be construed as if it read thus: "If no other penalty or punishment is imposed, there shall be a penalty of $1,000; and the offender, if a distiller, shall forfeit all spirits owned by him, whether punishable otherwise or not." But I am unable so to read the law. As I view this section, it manifests an intent to cover, by a general provision, those instances in the statute where acts have been enjoined or

forbidden, but no punishment attached. I do not find in the section any words indicating an intent to cumulate or to increase punishments; and in the absence of such words, I am of the opinion, that the section must be held to mean, what it appears to me to say, that, in cases where the statute has attached no punishment to the doing or omitting of acts required, or forbidden, such act or omission, when knowingly or willfully committed. shall be punished by the infliction of the penalty and forfeiture provided by this section. I am aware that different constructions have been given to the section, but, to my mind, the more weighty reasons are in favor of the construction I have here adopted. Quantity of Distilled Spirits [Case No. 11,495] Blatchford, J.; U. S. v. One Rectifying Establishment [Id. 15,-952] Hill, J.; U. S. v. One Hundred and Thirty-Three Casks of Distilled Spirits [Id. 15,940] Hoffman, J.; U. S. v. Ninety-Five Bbls. Spirits [Id. 15,889] Lowell, J. This view of the effect of section 96 removes from consideration a large portion of the present information, and limits the inquiry, as regards the charges made under this section, to those unlawful acts and omissions for which no punishment is provided by any other section of the act.

Of this class is the charge that the distiller omitted to furnish to the assessor an accurate plan or description of the distillery, showing the number and contents of every mash tub and fermenting tub, as required by section 9 of the act of July 20, 1868. And also the charge that, contrary to the same section, there was an alteration made in the distillery, which was not disclosed by any supplemental plan.

These charges the government claim to have supported by the evidence as to the character, locality, and use of the tub M, which, it is conceded, was never designated on any plan as a fermenting tub.

I have carefully considered this evidence, and. although I think it clear that tub M could be used as a fermenting tub, I do not find it proved that it was, in fact, ever so used. There may be ground for suspicion that it was at times so used, but I cannot condemn property upon suspicion. This portion of the information must, therefore, fail for want of proof.

Again. it is claimed that this property must be forfeited, because it appears that the fermenting tubs were not emptied at the expiration of forty-eight hours after they were filled, that being the fermenting period of this distillery, as required by section 19 of the act of 1868. What should be the true construction of this portion of section 19 is not clear. It would not be unreasonable to hold that the words, "Every tub shall be emptied at the end of the fermenting period." should be taken in connection with the words, "emptied of ripe mash or beer." used in the first part of the paragraph, and the provision construed to mean that mash or beer, when fermented according to the distiller's notice, shall be emptied at the end of the fermenting period, if ripe. Such a construction would probably dispose of the charge under consideration, in the present position of the evidence. But any construction of this provision of the statute is rendered unnecessary in this case, inasmuch as an examination of the information discloses the fact that it contains no averment which will support the charge in question.

The practice in this district, in cases of proceedings in rem to enforce forfeitures arising under the revenue laws, has been, in the first instance, to permit an information to be filed containing numerous counts for violations of various statutes, charged for the most part, in the words of the statute, but to require the district attorney, before the trial, to file a specification of the counts on which he intends to rely, accompanied, when necessary, with a description of the offences intended to be proved, sufficient to inform the claimant of the particular charge which he will be called on to meet. This practice, which is analogous to the practice in certain classes of criminal prosecutions, has proved convenient and conducive to justice, and it has been followed in the present case.

The specification in this case designates the 15th count in the information as one of those relied on, and that under it the charge in question will be sought to be maintained.

Now the 15th count omits to charge any violation of that part of section 19, which requires the tubs to be emptied at the end of the fermenting period, and to remain empty for the space of 24 hours. The omission in this count of any allusion to any violation of that portion of the section on which the count is framed, is fatal. I therefore dispense with any consideration of the evidence which is claimed to show any omission to empty the fermenting tubs at the end of the fermenting period, or to allow them to remain empty for a period of 24 hours.

Again, it is contended that the property is forfeited by virtue of the portion of section 19 of the act of 1868, which declares that if any false entry be made, or any entry omitted from the distiller's book, with intent to defraud, or to conceal from the revenue officers any fact or particular, required to be stated and entered in the book, the distillery, distilling apparatus, and the lot or tract of land on which it stands, and all personal property of every kind or description on said premises used in the business there carried on, shall be forfeited to the United States; and it is insisted that the property in question, being distilled spirits seized on the premises belong to the distiller, are covered by the words "personal property on the premises." But these words are qualified by the

subsequent words, "used in the business," and I do not consider that distilled spirits in casks, or in the cisterns of a distillery which has produced them, can be held to be personal property used in the business there carried on. These are the products of the business, and would naturally have been designated specifically, if intended to be within the provisions of the act.

I have thus disposed of all the counts in this information. upon which the government has relied, and the result is that the information must be dismissed, and the property discharged.

A certificate of probable cause for the seizure must be given.